**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

CELECIA GANTHER,
ADC #705329                                                                                    PLAINTIFF

V.                                      1:15CV00004 DPM/JTR

JOSEPH HUGHES, DR.,
McPherson Unit, ADC, et al.                                                         DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr. Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received in the office of the United States District Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

## I. Discussion

Plaintiff, Celecia Ganther, is a prisoner in the McPherson Unit of the Arkansas Department of Correction. She has filed this *pro se* § 1983 action alleging that Defendants failed to provide her with constitutionally adequate medical care for a benign facial tumor. *Docs. 2 & 21.*

The Defendants have filed four Motions for Summary Judgment arguing that the case should be dismissed, without prejudice, because Plaintiff failed to properly exhaust her administrative remedies. *Docs. 23, 24, 25, 30, 31, 32, 40, 41, 42, 47, 53, & 54.* Plaintiff has filed several Responses. *Docs. 44, 46, 51, 52, & 57.* Thus, the issues are joined and ready for disposition.

For the following reasons, the Court recommends that Defendants' Motions be granted, and this case dismissed, without prejudice.[1]

## II. Discussion

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other

---

[1] Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323. Once that has been done, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. *See* Fed R. Civ. P. 56(c); *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011).

Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock,* 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81-89-91 (2006).

The PLRA requires inmates to: (1) fully and properly exhaust their administrative remedies as to each claim in the complaint; and (2) complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Importantly, the Supreme Court has emphasized that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218; *see also Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits"). Thus, to satisfy the PLRA, a prisoner must fully comply with the specific procedural requirements of the incarcerating facility. *Id.*

To fully exhaust administrative remedies, an ADC prisoner must file: (1) an informal resolution with the designated problem solver; (2) a grievance with the Warden; and (3) an appeal to the ADC Deputy/Assistant Director. *Doc. 24, Ex. A* (ADC Adm. Dir. 14-16 § IV(E) through (G) (2014). Importantly, the ADC's exhaustion policy advises prisoners that their federal lawsuit may be dismissed if they fail to comply with those requirements. *Id.* (§ IV(N)).

Here, the *undisputed evidence* demonstrates that Plaintiff did not fully exhaust any grievances about the medical treatment she was receiving for a facial tumor *before* she commenced this lawsuit. *Doc. 24, Exs. A, B, & C.* Plaintiff argues that ADC officials improperly rejected several of her grievance appeals as being untimely filed. *Doc. 44.* However, each of those rejected appeals concerned the medical treatment she was seeking for foot problems and a bruised shoulder -- *not the facial tumor that is the subject of this lawsuit. Doc. 24, Ex. C; see also Burns v. Eaton*, 752 F.3d 1136, 1137 (8th Cir. 2014) (clarifying that a prisoner must exhaust his specific claims against each separate defendant).

Finally, Plaintiff alleges that, on June 30, 2015 -- *approximately six months after she commenced this lawsuit* -- she fully exhausted her administrative remedies on the claims she is now asserting in this action. *Doc. 51.* It is well settled that a prisoner must *complete* all stages of the prison's exhaustion process *before* that claim

can be properly pursued in federal court. *See Johnson*, 340 F.3d at 627 (8th Cir. 2003) (holding that: "If exhaustion was not completed at the time of filing, dismissal is mandatory").

The undisputed evidence demonstrates that, prior to commencing this lawsuit, Plaintiff did not properly exhaust her administrative remedies on the claims she is now asserting in this action. Accordingly, all Defendants are entitled to summary judgment and the claims against them should be dismissed, without prejudice. *See Jones,* 549 U.S. at 211 (emphasizing that: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' Motions for Summary Judgment *(Docs. 23, 30, 40, & 53)* be GRANTED, and this case DISMISSED, WITHOUT PREJUDICE.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 8th day of October, 2015.

                                                    */s/ J. Thomas Ray*
                                      UNITED STATES MAGISTRATE JUDGE